```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 12-21107-Civ-SEITZ
                                      (04-20380-Cr-SEITZ)
                              MAGISTRATE JUDGE P. A. WHITE
RAGEL MONTESINO,         :

         Movant,         :
                                    REPORT RE DISMISSAL
v.                       :          OF §2255 MOTION
                                    AS TIME-BARRED
UNITED STATES OF AMERICA,:

         Respondent.     :
_____
```

## I   INTRODUCTION

On 3/13/12, Ragel Montesino, a federal prisoner confined at BSSC Air-Park, in Big Spring, Texas, filed the *pro se* Motion to Vacate pursuant to 28 U.S.C. §2255 (Cv:DE1) and Memorandum (Cv:DE4) in this case.[1] The Motion (Cv:DE1) is an attack upon Montesino's conviction and sentence entered in Case 04-20380-Cr-SEITZ, after he plead guilty on 3/17/05 to Count One of a 4-count Superseding Indictment (see Superseding Indictment, Cr:DE75; Minutes, Change of Plea Hearing, Cr:DE182; Plea Agreement, Cr:DE183; Joint Notice of Factual Proffer, Cr:DE184), and on 6/15/05 was sentenced to a 135-month term of imprisonment, to be followed by a term of 3-years supervised release, for conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. §§841(a)(1), 846, and 841(b)(1)(A). (Sentencing Minutes, Cr:DE232). Montesino's Judgment was entered on 6/16/05 (Judgment, Cr:DE233). Montesino took no appeal. Now, nearly seven years later, Montesino has filed his Motion for §2255 relief in this case.

---

[1] It is well settled that the date when a pro se prisoner's pleading is file stamped at the court is not the filing date. Rather, under the "mailbox rule," an inmate's/prisoner's submission is deemed "filed" on the date it is put in the hands of jail/prison officials for mailing, as evidenced by the inmate/filer's certificate of service attached to the filing. See Houston v. Lack, 487 U.S. 266 (1988); Garvey v. Vaughn, 993 F.2d 776 (11 Cir. 1993). Here, for purposes of this proceeding, Montesino's Motion to Vacate and Memo are deemed to have been tendered to prison officials at BSSC Air-Park for mailing on 3/13/12, the date on which he signed the motion and memorandum.

The Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2255 Cases in the United States District Courts.

The Court has for its consideration the §2255 Motion (Cv:DE1), and a supporting Memorandum (Cv:DE4) and Affidavit (Cv:DE5) submitted by Movant Montesino; Montesino's Response (Cv:DE12) to an Order [Cv:DE7] requiring him to address the issue of whether his Motion was timely filed; the government's Response to Order to Show Cause (Cv:DE12); Montesino's Reply (Cv:DE14); and relevant portions of the record in the underlying federal criminal case.

For reasons discussed below, the government in its Response (Cv:DE12) correctly argues that Montesino's §2255 Motion was not timely filed within the 1-year limitations period allotted for doing so by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

## II   DISCUSSION

Pursuant to 28 U.S.C. §2255, as amended April 24, 1996, a one year period of limitations applies to a motion under the section. The one year period runs from the latest of:

(1)   The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(2)   The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant is prevented from filing by such governmental action;

(3)   The date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>   (4)   The date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence.

See 28 U.S.C. §2255(f).

In his §2255 Motion, Montesino alleges as his sole ground for relief, the following:

>   Ground One:   Whether Petitioner's Constitutional rights were violated when his counsel failed to [sic] a direct appeal?
>
>   At sentencing Petitioner advise counsel to file an appeal which counsel never file.

(Motion, Cv:DE1).

With his Memorandum, Montesino has submitted an Affidavit asserting that, at sentencing, he asked his attorney Michael Smith, to appeal his sentence; and stating that "I am not aware of any appeal that has been file in my behalf," that he tried to contact his attorney by phone, to no avail, and that "I was recently informed by the Fifth [sic] Circuit Clerk of Court that no appeal has been filed in my behalf, on January 31, 2012." [Appended to Montesino's Affidavit is a letter dated January 31, 2012 from the Clerk of the United States Court of Appeals for the Eleventh Circuit, stating "No appeal has been filed in this court."].

In his Memorandum, Montesino states that he had no reason to believe that attorney Smith would not file an appeal, since he asked him to do so at sentencing. (Memo, Cv:DE4, p.13). Montesino states in his Response regarding the issue of timeliness of his Motion (Cv:DE12) that pursuant to Aron v. United States, 291 F.3d 708, 712 (11 Cir. 2002), the one year limitation period "begins to run when the fact could have been discovered through exercise of due diligence, not when they were actually discovered," (Cv:DE12,

pp.2-3). In his Memo, Montesino argues that he "was as diligent as possible," and states that "it wasn't until petitioner went to the law library where he was advise by a jail-house-lawyer to file a motion § 2255 with the district court concerning direct appeal" and then brought the instant action in this court. Montesino, citing §2255(f)(4), contends that "newly discovered evidence circumstances and due diligence, apply to his case since he just recently was informed by the clerk of court of the status on his appeal." (Cv:DE12, pp.3-4).

Under the circumstances of this case the AEDPA limitations period ran from the date on which Movant Montesino's conviction became final. See 28 U.S.C. §2255(f)(1). Montesino's conviction became final on 6/30/05, 10 days [excluding intervening weekends] after the 6/16/05 entry of judgment in his case.[2] Absent tolling, the AEDPA limitations period expired 365 days later, on 6/30/06.

It is amply clear that Montesino's §2255 motion was not timely filed, notwithstanding his contentions that: it was not until more than 6 years after his plea, sentencing, and judgment, that he could have discovered that Attorney Smith had not filed an appeal on his behalf; and that he should therefore be granted equitable tolling of the entire period from 6/16/05 when his judgment was

---

[2] Where, as here, a defendant does not pursue a direct appeal, the conviction becomes final when the time for filing a direct appeal expires. Adams v. United States, 173 F.3d 1339, 1342 n.2 (11 Cir. 1999). In Montesino's case, the time for filing a direct appeal expired ten days after the judgment or order being appealed is entered. Fed.R.App.P. 4(b)(1)(A)(I). The judgment is "entered" when it is entered on the docket by the Clerk of Court. Fed.R.App.P. 4(b)(6). On December 1, 2002, Fed.R.App.P. 26 which contains the rules on computing and extending time, was amended so that intermediate weekends and holidays are excluded from the time computation for all pleadings due in less than 11 days. In 2009 the time for filing a direct appeal was increased from 10 to 14 days after the judgment is entered, it now includes counting intermediate Saturdays, Sundays, and legal holidays in the computation, See Fed.R.App.P. 4. The 2009 amendment does not apply here, as movant's judgment of conviction and sentences was entered back in 2005. Thus, in Montesino's case, his conviction became final on 6/13/05, 10 days [excluding intervening weekends] after the 6/16/05 entry of his judgment on the docket.

4

entered, and 1/31/12 when the Clerk of Court for the Eleventh Circuit mailed him the letter stating that there was no appeal of record in that Court from his judgment in case 04-20380-Cr-SEITZ.

The Eleventh Circuit has held that the limitations period may be equitably tolled when a movant's timely filing of a motion to vacate is impeded by extraordinary circumstances beyond his control and unavoidable even with due diligence. See Helton v. Secretary for Dept. of Corrections, 259 F.3d 1310, 1312 (11 Cir. 2001) (stating that "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."), cert. denied, 535 U.S. 1080 (2002); Sandvik v. U.S., 177 F.3d 1269, 1270 (11 Cir. 1999). Montesino has not demonstrated extra-ordinary circumstances beyond his control.

In this case, it is not disputed that Montesino's §2255 motion was not filed within one year from the date on which his judgment of conviction became final.

Insofar as Montesino claims that his motion should be deemed timely under subsection (f)(4), a §2255 motion based on counsel's alleged failure to file a requested direct appeal is considered timely if the movant files within one year of discovering, through the exercise of due diligence, that counsel did not file the requested appeal. See, Aron v. United States, 291 F.3d 708 (11 Cir. 2002); Anjulo-Lopez v. United States, 541 F.3d 814 (6 Cir. 2008); Wims v. United States, 225 F.3d 186 (2 Cir. 2000). Although due diligence does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option, it does at least "require that a prisoner make *reasonable* efforts to discover the facts supporting his claims. Anjulo-Lopez v. United States, 541 F.3d 814, 818 (quoting Aron v. United States, 291 F.3d at 712).

The fact that a defendant/prisoner/Movant may be an unskilled layperson with a limited educational background who is unfamiliar with the law, does not excuse the movant from the applicable time limitations. Mere ignorance of the law or lack of knowledge of filing deadlines does not justify equitable tolling of AEDPA's limitation period. See <u>Felder v. Johnson</u>, 204 F.3d 168, 172-73 & n. 10 (5 Cir. 2000)(citing cases), <u>cert</u>. <u>denied</u>, 531 U.S. 1035 (2000) (holding that ignorance of law and pro se status are insufficient to toll statute of limitations); <u>Turner v. Johnson</u>, 177 F.3d 390, 392 (5 Cir. 1999); <u>United States v. Flores</u>, 981 F.2d 231, 236 (5 Cir.1993)(holding pro se status, illiteracy, deafness, and lack of legal training are not external factors excusing abuse of the writ); <u>Hughes v. Idaho State Bd. of Corrections</u>, 800 F.2d 905, 909 (9 Cir. 1986)(illiteracy of pro se petitioner not sufficient cause to avoid procedural bar); <u>Barrow v. New Orleans S.S. Ass'n</u>, 932 F.2d 473, 478 (5 Cir. 1991) (holding equitable tolling of limitations period within the Age Discrimination in Employment Act was not warranted by plaintiff's unfamiliarity with legal process, his lack of representation, or his ignorance of his legal rights).

Here, the threshold question is not whether counsel was ineffective for failing to file a requested appeal, but rather whether Movant Montesino made "reasonable efforts" to determine if his attorney complied with his request, and acted to seek §2255 relief.

Movant Montesino states that on an unspecified date, he tried "to contact attorney of record Michael Smith by phone, but it was useless." Montesino indicates that after talking to a jail-house-lawyer at his prison he was advised to file the §2255 Motion, having received a 1/31/12 letter from the Clerk of Court for the the Eleventh Circuit Court of Appeals stating that there was no record of an appeal in his case.

The record does not suggest that the period of time that

6

Montesino waited was "a reasonable amount of time" as he would have the Court conclude. The criminal case docket shows that Montesino's judgment was entered on 6/16/05, one day after his 6/15/05 sentencing [at which he was present (<u>see</u> Sentencing Minutes, Cr:DE232).

Some 6 years and 5 months passed between the entry of Montesino's sentence and judgment in June 2005, and his receipt of the 1/31/12 letter from the Eleventh Circuit stating that no appeal had been filed in his his case.

In this case, the question is whether, with the exercise of due diligence, movant could have discovered that counsel did not file an appeal on his behalf, <u>and</u> whether he could have made the discovery within 1 year of the date on which his conviction became final [the date when untolled time began to accumulate under the 1-year AEDPA period of limitations].

Montesino would have the Court believe that he could not earlier have discovered counsel's alleged failure to file a notice of appeal, and would have the Court conclude that an unsuccessful attempt to contact counsel by phone [on an unspecified date], and the writing of a letter to the Eleventh Circuit, which resulted in a letter/response from the Court Clerk on January 31, 2012, show due diligence.

The dispositve issue here is not the date upon which the movant actually discovered that no appeal had been filed, but rather the date on which due diligence would have led to such a discovery. The fact that an appeal had not been filed is simply a "matter of public record, 'which reasonable diligence could have unearthed.'" <u>Owens v. Boyd</u>, 235 F.3d 356, 360 (7 Cir. 2000) <u>Montenegro v. United States</u>, 248 F.3d 585, 593 (7 Cir. 2001), <u>abrogated on other grounds by</u> <u>Ashley v. United States</u>, 266 F.3d 571 (7 Cir. 2001). Here, the movant failed to act with any diligence

7

whatsoever. If he had any doubt as to whether an appeal had been filed, he clearly could have begun to act/inquire before late 2011 or January 2012 (the month when the Clerk of Court's letter to him was written), and, for purposes of the question that is now before the court, he clearly could have made an inquiry to the Eleventh Circuit much less than 1 year from the date in June 2005 when the AEDPA limitations period began to run.

The Court concludes that a reasonably diligent prisoner -- even one who is ignorant of the law -- could have discovered counsel's alleged failure well before June 2006, and that if the diligent prisoner had done so, then the instant motion to vacate could have been timely filed.[3] Accordingly, the Court finds that the motion to vacate is not timely under § 2255(f)(4).

Although he makes an argument to the contrary, Montesino is not entitled to equitable tolling of the limitations period. As noted supra, a movant/prisoner's status and the realities of incarceration are not extraordinary circumstances sufficient for the application of equitable tolling. Movant makes no allegation demonstrating that he exercised due diligence. His self-proclaimed actions [of making an unsuccessful phone call in an attempt to reach his attorney on an unspecified date - the lack of success of which would have been apparent at the very time he could not reach the attorney], and of writing to the Eleventh Circuit more than 6 years after his sentencing and judgment, in fact show a lack of due diligence on his part. Accordingly, movant has not met his burden of showing that he is entitled to the benefit of equitable tolling of the one-year limitations period. See Sandvik, 177 F.3d at 1271; Wade, 379 F.3d at 1265.

---

[3] See United States v. Thomas, 2007 WL 624538, at *5 (N.D.Fla. 2007) (62-days was sufficient time for reasonably diligent prisoner to determine whether his attorney had filed a notice of appeal).

Under the totality of the circumstances present here, the court finds it is clear from the record that Montesino has not demonstrated that he acted diligently during the 1-year federal limitations period, sufficient to warrant equitable tolling. Thus, the §2255 motion filed in this case on 3/13/12 is untimely; and no evidentiary hearing is necessary to resolve the question of whether a duly diligent prisoner could have discovered that his counsel failed to file a direct appeal more than one year prior to filing a motion to vacate under §2255.[4]

The movant, by his own actions, delayed taking the appropriate steps to filing a timely §2255 motion. To the extent that he may have been concerned with whether his attorney filed an appeal, he does not indicate that, after an alleged unsuccessful attempt to reach counsel by phone, he did anything more to determine if counsel had complied with his alleged request, until many years after his sentencing when he wrote to the Eleventh Circuit, and received a response from the Clerk of that Court in January 2012.

---

[4] As noted above, in exercising due diligence, a movant is not required to use "the maximum feasible diligence, but only 'due,' or reasonable, diligence." Aron. 291 F.3d at 712. The due diligence inquiry is "an individualized one that 'must take into account the conditions of confinement and the reality of the prison system.'" Id. (citations omitted). "Due diligence does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option." Id. But it does at least require that the prisoner make some *reasonable* efforts to discover the facts underlying his claim. Id.

In this regard, the movant must allege reasonably specific, non-conclusory facts that, if true, would entitle him to relief. Id. at 715, n.6; see, also, Anjulo-Lopez, 541 F.3d at 818-19. Otherwise, no evidentiary hearing is warranted. Aron, 291 F.3d at 714-715; Anjulo-Lopez, 541 F.3d at 817-18. A hearing is not required on claims which are based upon unsupported generalizations or affirmatively contradicted by the record. See, Holmes v. United States, 876 F.2d 1545, 1553 (11 Cir. 1989), *citing*, Guerra v. United States, 588 F.2d 519, 520-21 (5 Cir. 1979). Moreover, a court need not conduct and evidentiary hearing where the issues can be conclusively decided on the basis of the evidence in the record, and where the petitioner's version of the facts have already been accepted as true. See Schultz v. Wainwright, 701 F.2d 900, 901 Turner v. Crosby, 339 F.3d 1247, 1274-75 (11th Cir. 2003). As such, the issue of whether a duly diligent prisoner could have discovered that his counsel failed to file a direct appeal more than one year prior to filing a motion to vacate under §2255 can, in appropriate cases, be resolved on the basis of the record without an evidentiary hearing. Compare, Aron, 291 F.3d at 714-15; Anjulo-Lopez, 541 F.3d at 818-19.

9

And, insofar as the Movant has come to this Court seeking §2255 relief, rather than timely filing his motion to vacate within 1 year of the date when his conviction became final, he waited until nearly 6 years after the AEDPA limitations period had expired on or about June 30, 2006.

In sum, movant's allegations are not indicative of a "reasonably diligent quest for information." Anjulo-Lopez, 541 F.3d at 818. For the reasons set forth above, even accepting movant's allegations and submissions as true, the record reflects that a reasonably diligent person in movant's circumstances could have discovered, prior to June 2006, that no appeal had been filed, and could have filed his §2255 motion, alleging ineffectiveness of counsel for failure to file an appeal, before the AEDPA limitations period expired in June 2006. The Movant Montesino did not do so; his Motion therefore is time-barred; and equitable tolling should not be applied to this case.

### III    CONCLUSION

It is therefore recommended that: 1) the motion to vacate (Cv:DE1) be dismissed as time-barred; and 2) this case be CLOSED.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated: November 9th,  2012.

_____
UNITED STATES MAGISTRATE JUDGE

```
cc:    Ragel Montesino, Pro Se
       63674-004
       BSCC Air-park Unit D-3
       3700 Wright Ave.
       Big Spring, TX 79720

       Anne Ruth Schultz, AUSA
       UNITED STATES ATTORNEY'S OFFICE
       99 NE 4 Street
       Miami, FL 33132

       Susan R. Osborne, AUSA
       UNITED STATES ATTORNEY'S OFFICE
       500 Australian Avenue, Suite 400
       West Palm Beach, FL 33401
```