UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 12-21107-CIV-SEITZ/WHITE

RAGEL MONTESINO

   Movant,
vs.

UNITED STATES OF AMERICA

   Respondent.
_____/

## ORDER ADOPTING RECOMMENATIONS AND DENYING MOTION FOR HABEAS RELIEF AND CERTIFICATE OF APPEALABILITY

THIS MATTER is before the Court on Magistrate Judge Patrick A. White's Report RE Dismissal of § 2255 Motion as Time-Barred ("the Report") [DE 15] wherein Judge White recommends Petitioner's Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 [DE 1] be dismissed as time-barred. Having carefully considered, *de novo*, the Report, Petitioner's objections [DE 16], and the record both of this case and Criminal Case No. 04-20380, Judge White's factual findings are not clearly erroneous and his legal conclusions are consistent with the proper application of the law. The recommendations that the Petition be denied as time-barred and that an evidentiary hearing is not warranted are adopted. The Court adopts the factual findings which it supplements with the record facts regarding Petitioner's appellate waiver noted below.

  I.  BACKGROUND

Petitioner Ragel Montesino pled guilty, pursuant to a plea agreement, to one count of conspiracy to possess with intent to distribute 5 kilograms or more of cocaine in violation of 21

1

U.S.C. §§ 841(a)(1) and 841(b)(1)(A). As a part of his plea agreement, Montesino waived his right to appeal his sentence. *United States v. Ragel Montesino*, 04-cr-20380, DE 183 at ¶10.[1] The Court sentenced Montesino to a 135-month term of imprisonment to be followed by three years supervised released. Montesino states in an affidavit that at his sentencing he specifically requested counsel to appeal the sentence. [DE 5, ¶1]. Montesino's counsel did not file an appeal. Counsel's alleged ineffectiveness in not filing an appeal is the basis of Montesino's habeas petition.

Montesino filed his habeas petition on March 13, 2012, nearly seven years after the entry of final judgment, June 16, 2005. [04-cr-20380, DE 233]. Pursuant to 28 U.S.C. § 2255(f)(1), a petition for habeas review must be filed within one year of the time for expiration of direct review. Here, Montesino's time to file his petition expired on June 30, 2006. As such, Judge White has appropriately concluded the petition is time-barred. Montesino does not contest that he filed his petition more than one year after the expiration of direct review. Rather, he claims that he only became aware that his counsel did not file an appeal on January 31, 2012, when the Clerk of Court for the Eleventh Circuit advised him by letter that an appeal had not been filed.[2] He argues that his petition is timely because his late discovery of the fact underlying his petition – that his attorney never filed an appeal – equitably tolled the one year limitations period of § 2255(f)(1).

---

[1] At the change of plea hearing, the Court specifically advised Montesino that by agreeing to the appellate waiver he waived the right to appeal the sentence imposed and any rulings regarding safety valve eligibility or role-based enhancements or reductions. Montesino confirmed he understood the effect of the appellate waiver. [Change of Plea Transcript, 04-CR-20380, DE 232, pp. 13 – 15].

[2] Petitioner claims that he was unsuccessful in contacting his attorney by telephone, presumably for an update on the status of his appeal, though it is unclear from the record when the attempt or attempts were made. Montesino states in an affidavit only that "I, try to contact attorney of record … by phone but it was useless." [DE 5, ¶3]. Montesino's mother also swore in a separate affidavit (appended to Montesino's affidavit) that she tried to contact counsel regarding Montesino's appeal but that counsel never returned her call. *Id.*, p. 2

2

## II.  ANALYSIS

As the Report states, "[t]he dispositive issue here is not the date upon which the movant actually discovered that no appeal had been filed, but rather the date on which due diligence would have led to such a discovery." [DE 15, p. 7]. Under § 2255(f)(4), the one-year limitations period runs from the "date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." What constitutes due diligence is a "legal characterization" much like what constitutes "negligence, possession, ratification and principal place of business." *Aron v. United States*, 291 F.3d 708, 711 (11th Cir. 2002) (quotation omitted). Ultimately, however, "due diligence" is a factual question. *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1283 (11th Cir. 2002). ("We have squarely held that a determination regarding a party's diligence is a finding of fact that will not be disturbed unless clearly erroneous.") (internal quotations omitted). It is well-settled that due diligence requires only that a prisoner make reasonable efforts to discover the facts supporting his claims. *Aron*, 291 F.3d at 712.

Here, ignoring the fact of his clear appellate waiver, the efforts Montesino undertook to learn that an appeal had not been filed do not indicate he acted with diligence. These efforts were limited to (1) a phone call (or calls) to his attorney on an unspecified date(s) and (2) sending a letter inquiry to the Eleventh Circuit Clerk of Court about six and half years after the entry of judgment.[3] Montesino's limited, long-delayed efforts to determine the fate of his appeal support Judge White's factual conclusion "that a reasonably diligent prisoner – even one who is ignorant of the law – could have discovered counsel's alleged failure well before June 2006 . . ." [DE 15, p. 8]. The Court adopts this factual finding. Even assuming that

---

[3] It is unclear from the record when Montesino made his inquiry to the Eleventh Circuit about the status of his appeal, but the Court assumes the inquiry was made close in time to the Clerk's reply letter, which is dated January 31, 2012. It is also unclear if Montesino tried to call his attorney more than once.

3

Montesino's counsel abandoned him entirely after his sentencing and willfully ignored Montesino's call(s), under those circumstances, a reasonably diligent prisoner would have sought information as to the status of the appeal from the Court much sooner than six and one-half years after the entry of judgment.[4] The record evidence of Montesino's efforts of contact with the Court consists of one letter from the Eleventh Circuit Clerk of Court dated January 31, 2012. Montesino makes no mention in his objections, or elsewhere, that he attempted to contact the Court sooner.[5] By contrast, in *Aron v. United States*, a case where the Eleventh Circuit ordered an evidentiary hearing on whether petitioner acted with diligence, the record evidence showed that petitioner timely turned to the court to discover what became of his appeal after his efforts to contact counsel were unavailing. Petitioner filed a *pro se* motion for a status update six days after the enactment of AEDPA and the imposition of a diligence requirement, sent a copy of the *pro se* motion to counsel, and wrote to the clerk of the district court within the one year limitations period to express his concerns that the period would soon expire. 291 F.3d at 714.

Unlike the petitioner in *Aron*, Montesino did not seek court assistance early on or otherwise act reasonably diligently to determine the status of his appeal. Accordingly, the one-

---

[4] As part of its *de novo* review, the Court closely reviewed the record of the criminal case including the transcript of the sentencing hearing. [*See* DE 232]. At the sentencing, the Court confirmed that the plea included an appellate waiver but did not follow its usual practice of advising the defendant of the time in which to file an appeal if the defendant disagreed with the Court that he waived his right to appeal. (Sentencing Transcript, p. 25). However, Montesino's alleged request to counsel at sentencing that he wanted counsel to file an appeal confirms that Montesino knew he had the right and triggered his responsibility to diligently act to determine if counsel had, in fact, filed an appeal.

The sentencing transcript has not been filed in the criminal docket. For completeness of the record Respondent is directed to file the sentencing transcript as is set out in Section IV *infra*.

[5] To the extent that Montesino claims the untimeliness of his petition was the result of his only receiving advice from a prison library law clerk about bringing a motion under §2255, the claim is unavailing. The issue is Montesino's lack of diligence in discovering the grounds for his claim of ineffective assistance of counsel, not his lateness in discovering the procedural remedy by which to bring the claim to the Court's attention.

year limitations period is not equitably tolled and the petition is untimely.[6] Because his petition is untimely, Judge White need not have reached the merits of Montesino's petition. Further, because Montesino has not raised any facts which might tend to support that he acted with diligence, it can be conclusively determined from the record that there are no grounds for relief. As such, an evidentiary hearing is unwarranted. *See Pugh v. Smith*, 465 F.3d 1295, 1300 (11th Cir. 2006). Montesino's only objection to the Report is that it neither reaches the merits of his claims nor his request for a hearing. For the reasons discussed, the objections are overruled.

### III.  CERTIFICATE OF APPEALABILITY

The Court denies the issuance of a certificate of appealability. In order to obtain a certificate of appealability, Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is satisfied if Petitioner demonstrates "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Jones v. Secretary*, 607 F.3d 1346, 1349 (11th Cir. 2010) (quotation omitted). Here, the Court must deny the certificate of appealability as Montesino has not met this standard.

### IV.  CONCLUSION

For the foregoing reasons, it is

ORDERED THAT

(1) Petitioner's Objections [DE 16] are OVERRULED.

(2) The Recommendation [DE 15] is ADOPTED.

---

[6] Subsequent to Judge White's issuance of his report the United States Supreme Court published its decision in *McQuiggin v. Perkins*, 569 U.S. _____, 133 S.Ct. 1924, (2013), in which the Court held that substantiated claims of actual innocence may serve as a gateway through the AEDPA's one-year statute of limitations even if the Petitioner has failed to diligently pursue his rights. Because Petitioner has not asserted he is innocent of the crimes to which he pled guilty, *Perkins* is inapplicable.

(3) Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255 [DE 1] is DENIED. A Certificate of Appealability is DENIED.

(4) All pending motions not otherwise ruled upon are DENIED AS MOOT.

(5) Respondent shall file the transcript of Petitioner's June 15, 2005 sentencing in the criminal docket (04-CR-20380) by **January 15, 2014.**

(6) This CASE IS CLOSED.

**DONE AND ORDERED** in Miami, Florida, this 4th day of December, 2013.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:   Honorable Patrick A. White
      Counsel of record
      *Pro Se* Petitioner